UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>JOSEPH LEATHERS. | No. 2:19-cr-633 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Joseph Leathers's emergency motion for release pending sentencing in light of Covid-19. ECF Nos. 22 & 23. For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

On September 10, 2019, Defendant pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)—possession with intent to distribute fentanyl analogue. ECF. No. 17. Following entry of Defendant's plea, Defendant moved for bail pending sentencing, which the Court denied. Defendant Joseph Leathers has been incarcerated since his arrest on September 17, 2018. On April 14, 2020, sentencing scheduled for April 28, 2020 was adjourned without a date. Leathers faces a mandatory minimum penalty of five years' imprisonment and a guidelines range of 121 to 151 months. PSR ¶¶ 67-68. Leathers provides no details about the bail package he proposes, other than suggesting in his notice of motion that he should be released to live with his girlfriend, where he lived at the time of his arrest. ECF No. 23.

## II. DISCUSSION

Defendant argues, by way of a letter to his court appointed counsel filed with the Court and a letter memorandum prepared by a different attorney in a different case, that he is entitled to release pending sentencing in light of Covid-19, citing his individual health vulnerabilities and conditions at the Essex County Correctional Facility ("ECCF"). ECF No. 23. Specifically, Defendant contends that the following factors make him vulnerable to Covid-19: (1) his age of 67 years; (2) severe arthritis; (3) poor vision; and (4) anxiety and depression. ECF No. 23-1, 4-5. Defendant suggests that the following events show that steps to properly protect inmates at ECCF from COVID-19 are not being taken: (1) one employee who routinely made rounds in Defendant's housing unit was treated for Covid-19 in the ICU and (2) four inmates were brought into Defendant's housing unit without being quarantined. *Id.* Defendant's request for release is governed by 18 U.S.C. §§ 3143(a) or 3145(c).[1]

---

[1] The Court agrees with the Government that Defendant's request is not governed by 18 U.S.C. § 3142(i) because it applies to requests for release pending trial, not sentencing. *See* 18

### A. Entitlement to Release Under 18 U.S.C. § 3143(a)

Section 3143(a)(2) establishes that when, as here, a defendant has been found guilty of an offense set forth in the Controlled Substances Act for which the maximum term of imprisonment is ten years or more,[2] and that defendant is "awaiting imposition or execution of sentence," the Court "shall" order that he be detained unless certain criteria are met. Firstly, either the Court must find that "there is a substantial likelihood that a motion for acquittal or new trial will be granted," or "an attorney for the Government" must recommend that "no sentence of imprisonment be imposed on the person." 18 U.S.C § 3142(a)(2)(A). Secondly, § 3143(a)(2)(B) requires that the defendant shall be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

The mandatory minimum term of imprisonment is five years; and based on the large quantity of drugs the defendant possessed, he faces a guidelines range of 121 to 151 months' imprisonment. PSR ¶ 68. Thus, there is no recommendation that Defendant receive a non-custodial sentence. Because Defendant pleaded guilty, there is no likelihood—let alone a substantial likelihood—that a motion for acquittal or a new trial will be granted.[3] Consequently, Defendant is not entitled to release under § 3143(a). The Government argues that the Defendant also cannot establish by clear and convincing evidence that he is unlikely to flee or pose a danger to the community. The Court agrees. In 2012, Leathers received a five-year sentence for the distribution of narcotics and possession of a weapon, after distributing heroin to an undercover law enforcement officer. PSR ¶ 36. Prior to that, he amassed numerous other convictions starting at the age of 21 for, among other things, possession of a weapon, possession of cocaine, fraud, and receiving stolen property. PSR ¶¶ 29-36. In one of those underlying cases, Defendant violated the terms of his probation and was re-sentenced to five years imprisonment for possession of a weapon and property crimes. PSR ¶ 35.

### B. Entitlement to Release under 18 U.S.C. § 3145

Section 3145 states that "a person subject to detention pursuant to section 3143(a)(2) . . . who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

---

U.S.C. § 3142(i) (Titled "Release or detention of a defendant pending trial."); *See, e.g., United States v. McDuffie* No. 19-CR-212 (VEC), 2020 WL 1659879, at *2 (S.D.N.Y. Apr. 3, 2020) (holding that 18 U.S.C. § 3143 governs a request for release pending sentence and "§ 3142(i), in contrast, applies only to pretrial detainees").

[2]   Defendant pleaded guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)—an offense for which the maximum term of imprisonment is forty years.

[3]   Federal Rules of Criminal Procedure 29 (motion for a judgment of acquittal) and 33 (motion for a new trial) are only cognizable when a defendant has a trial. *See, e.g., United States v. Strom*, 611 F. App'x 148, 149 (4th Cir. 2015) ("By its express terms, Rule 33 is confined to those situations in which a trial has been had.")

18 U.S.C. § 3145(c). "When read in conjunction with § 3143(a)(1), the language of § 3145(c) permits a judicial officer to release [a] defendant upon a showing by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community, and that there are exceptional reasons why detention pending sentencing is inappropriate." *United States v. Wilson*, Crim. No. 17-77, 2017 U.S. Dist. LEXIS 53625, at *5 (D.N.J. Apr. 7, 2017). Although the Third Circuit has not yet analyzed what constitutes "exceptional reasons," courts within this District have provided guidance. *Id.*; *see also United States v. Epstein*, No. 14-287 (FLW), 2016 WL 1435717, at *2 (D.N.J. Apr. 12, 2016).

> To begin, exceptional requires something out of the ordinary to distinguish the defendant's case from those of other defendants subject to mandatory detention. The majority of courts define "exceptional" under § 3145(c) as clearly out of the ordinary, uncommon, or rare. In fact, to avoid emasculating the mandatory detention statute, exceptional reasons review is limited to determining whether remanding the defendant to custody . . . would be tantamount to subjecting individuals to unjust detention.

*Epstein*, 2016 WL 1435717, at *2 (alterations, internal citations, and internal quotation marks omitted). "[T]he test under § 3145(c) is 'flexible' and involves a 'fact-intensive inquiry within the discretion of the court' for which a case by case evaluation is essential." *Wilson*, 2017 U.S. Dist. LEXIS 53625, at *5 (quoting *Epstein*, 2016 WL 1435717, at *2). "The burden is on the defendant to show by clear and convincing evidence why his detention would not be appropriate based on exceptional reasons." *Id.*

As established, Defendant cannot show that he is not a danger to the community. While Defendant argues that his age, arthritis, vision, and anxiety and depression, he does not explain how these conditions would make him more susceptible to contracting Covid-19. The PSR in this case reports the following as to Leather's physical condition: "The defendant denied any hospitalizations. The defendant has no known allergies and stated he is in good physical health with no medical problems." PSR ¶ 54. Consequently, Defendant cannot meet the high bar set forth in § 3145(c). *United States v. Kerr*, Crim. No. 3:19-CR-296-L, 2020 WL 1529180, at *4 (N.D. Tex. Mar. 31, 2020) (rejecting argument that potential outbreak of COVID-19 and defendant's age create an exceptional circumstance under § 3145(c)). The court acknowledges "Defendant's concerns during these trying times, but the fear of a COVID-19 outbreak at his facility is not unique" given that virtually any person confined at a jail or prison would have the same concerns. *Id.* at *3.

### III. CONCLUSION

For the reasons set forth above, Defendant Leathers's motion for release, ECF No. 23, is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
WILLIAM J. MARTINI, U.S.D.J.

5/7/20

3